UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL DOUGLAS BEASLEY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:21-CV-347-MGG |

OPINION AND ORDER

Michael Douglas Beasley, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-1-283) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possession of a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with the loss of ninety days earned credit time and a demotion in credit class.

Beasley argues that he is entitled to habeas relief because the administrative record contained no evidence that he had access to retrieve the weapon from the vent in his cell.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

> Departmental policy defines possession as:
>
> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

Indiana Department of Correction, The Disciplinary Code for Adult Offenders, Policy No. 02-03-101 (effective March 1, 2020).[1]

The administrative record includes a conduct report in which Officer Dorre represents that, as he conduct a searched from the maintenance hallway behind rows of cells, she found a rod of plexiglass sharpened to a point in the vent attached to Beasley's cell. ECF 8-1. The administrative record also contains a photograph of the weapon, which was approximately the size and shape of a butter knife, and a statement from Sergeant Wolford that the vent in Beasley's cell was sealed with "no way to access it." ECF 8-8. Beasley contends that correctional staff were required to show that he had access to the weapon, relying on *Cutter v. Superintendent*, 3:11-cv-144 (N.D. Ind. resolved on Oct. 15, 2012). In that case, the inmate denied that he had access to the vent with respect to placing a weapon in the vent or retrieving the weapon from the vent, and the court granted habeas relief on the basis that the administrative record lacked any evidence regarding the inmate's ability to access the vent.

---

[1] This policy is available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

2

Unlike the *Cutter* petitioner, Beasley's arguments focus only on his inability to retrieve the weapon from the vent -- he does not argue that he could not have placed the weapon in the vent and did not testify to that effect at the disciplinary hearing.[2] To the contrary, he argues that the weapon could have come from any of the cells on his range due to the difficulty in accurately identifying cells while in the maintenance hallway. ECF 1 at 5; ECF 11 at 2. This argument appears to concede that the weapon could have fit through the vents in each of the cells on his range, including his own cell, and the weapon was not so large or misshapen as to render its placement into the vents implausible. While Beasley may not have "possessed" the weapon as defined by departmental policy when it was found due to his inability to retrieve it from the vent, the hearing officer may have reasonably inferred that he had placed the weapon in the vent and, from there, deduced that he necessarily "possessed" it at that particular time. Further, the conduct report specifies that the weapon was found in the vent attached to Beasley's cell, and the administrative record contains no evidence to suggest that the correctional officer conducting the search misidentified the vent. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Beasley argues that he is entitled to habeas relief because the hearing officer denied him evidence by not allowing him to present statements from Sergeant Wolford or Officer Dorre. "[T]he inmate facing disciplinary proceedings should be allowed to

---

[2] In the final paragraph of his traverse (ECF 11 at 5), Beasley argues that correctional staff failed to investigate whether the weapon would fit through the vent, but the court finds that this argument is materially different than an affirmative statement that the weapon would not have fit through the vent.

3

call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Contrary to Beasley's allegations, the administrative record contains the statement provided by Sergeant Wolford. ECF 8-8. The administrative record also contains a list of Beasley's questions for Officer Dorre, who merely replied, "Conduct stands as written." ECF 8-7. The hearing officer also denied the request to have Officer Dorre answer the questions, finding them irrelevant and redundant with respect to the conduct report. ECF 8-6. After reviewing these questions, the court cannot find that this determination was unreasonable. The questions relate to matters that are irrelevant to the issue of whether Beasley committed the disciplinary offense (e.g., "Did you approach, confront, or talk to Mr. Beasley to ask him about the alleged item found?") or that were relevant but would have likely been addressed in the conduct report if there were any substance to them (e.g., "[D]id you see Mr. Beasley put the alleged item in the vent?"). Therefore, this claim is not a basis for habeas relief.

Beasley argues that he is entitled to habeas relief because correctional staff failed to adequately investigate the conduct report. He maintains that correctional staff did not question him prior to issuing the conduct report and did not submit the weapon to a laboratory for fingerprint and DNA analysis. The right to a particular type of investigation is not one of the requirements for procedural due process in prison

4

disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Therefore, the failure to investigate is not a basis for habeas relief.

In sum, Beasley has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Beasley wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Michael Douglas Beasley leave to proceed in forma pauperis on appeal.

SO ORDERED on October 27, 2021

                                                    s/Michael G. Gotsch, Sr.
                                                    Michael G. Gotsch, Sr.
                                                    United States Magistrate Judge